IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 18, 2018

**STATE OF TENNESSEE v. TYSON REED KING**

**Appeal from the Circuit Court for Maury County**
**No. 2016-CR-25279    Stella L. Hargrove, Judge**

_____

**No. M2017-01594-CCA-R3-CD**
_____

The Defendant, Tyson Reed King, was found guilty by a Maury County Circuit Court jury of destroying, tampering with, or fabricating evidence and of unlawful possession of drug paraphernalia. *See* T.C.A. §§ 39-16-503 (2014) (destruction, tampering, or fabrication of evidence), 39-17-425 (2014) (unlawful possession of drug paraphernalia). The trial court sentenced the Defendant, a Range II offender, to serve nine years at 35% for destroying, tampering with, or fabricating evidence and to eleven months, twenty-nine days for unlawful possession of drug paraphernalia. The sentences were imposed to run concurrently. On appeal, the Defendant contends that the evidence is insufficient to support his convictions. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., and JOHN EVERETT WILLIAMS, P.J., joined.

Claudia S. Jack, District Public Defender; Kendall Stivers, Assistant District Public Defender (at trial and on appeal); and Brandon E. White, Columbia, Tennessee (on appeal), for the appellant, Tyson Reed King.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Brent Cooper, District Attorney General; S. Scott Speer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant's convictions relate to an incident at the Mount Pleasant Courthouse in which a sheriff's deputy witnessed the Defendant's dropping a clear plastic "baggie" and swallowing a significant portion of the baggie's contents.

At the trial, Maury County Sheriff's Deputy Jeff Wray testified that, on August 29, 2016, the Defendant dropped a baggie on the floor as he walked by the deputy in the courthouse hallway. Deputy Wray stated that he told the Defendant, "Hey, you dropped your dope," and that the Defendant picked up the baggie and replied that it was "just Kool-Aid." Deputy Wray said that the substance inside the baggie was the size of a golf ball, granular, and a pea-green color.

Deputy Wray testified that he asked the Defendant to hand him the baggie but that the Defendant insisted again that it was Kool-Aid. Deputy Wray instructed the Defendant to hand over the item a second time, blocking the Defendant from leaving the courthouse. Deputy Wray said the Defendant placed the baggie in his mouth and began to run. Deputy Wray said that another officer attempted to grab the Defendant's arm to prevent the Defendant from placing the substance in his mouth but that the Defendant avoided the other officer and swallowed all but a residual amount. Deputy Wray said that the Defendant dropped the baggie on the floor as the officers pursued the Defendant. Deputy Wray said the officers caught the Defendant and arrested him. Deputy Wray said he retrieved the baggie and gave it to Maury County Drug Task Force Sargeant David Roachelle. A surveillance video which captured the incident was played at the trial.

Sergeant Roachelle testified that Deputy Wray asked him to conduct a field test on the residue in the baggie. He said that the result was negative for opiate-based drugs but that it was positive for MDMA, a Schedule I controlled substance. Sergeant Roachelle said that the substance was not sent to the Tennessee Bureau of Investigation (TBI) laboratory for further testing because the quantity was insufficient. Sergeant Roachelle said that, typically, only "felony weight" amounts of 0.5 gram or more were sent to the TBI laboratory for testing. Deputy Wray thought, but was not certain, that the residue in the baggie could have been tested.

After receiving the proof, the jury found the Defendant guilty of destroying, tampering with, or fabricating evidence and of unlawful possession of drug paraphernalia. This appeal followed.

On appeal, the Defendant contends that the evidence is insufficient to support his convictions. The State counters that the evidence is sufficient. We agree with the State.

In determining the sufficiency of the evidence, the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007). The State is "afforded the strongest legitimate view of the evidence and all reasonable inferences" from that evidence. *Vasques*, 221 S.W.3d at 521. The appellate courts do not "reweigh or reevaluate the evidence," and questions regarding "the credibility of witnesses [and] the weight and value to be given the evidence ... are resolved by the trier of fact." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *see State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984).

"A crime may be established by direct evidence, circumstantial evidence, or a combination of the two." *State v. Hall*, 976 S.W.2d 121, 140 (Tenn. 1998); *see State v. Sutton*, 166 S.W.3d 686, 691 (Tenn. 2005). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.' " *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)). A conviction may be based upon circumstantial evidence alone. *See Dorantes*, 331 S.W.3d at 380–381.

# I

## Destroying, Tampering With, or Fabricating Evidence

The Defendant argues that the State failed to prove that he destroyed, tampered with, or fabricated evidence because the evidence was insufficient to establish that he altered, destroyed, or concealed the substance. He argues that the evidence shows, at most, only that he attempted to alter, destroy, or conceal the substance.

Tennessee Code Annotated section 39-16-503(a) provides that "it is unlawful for any person, knowing that an investigation or official proceeding is pending or in progress, to (1) alter, destroy, or conceal any record, document or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding[.]"

Our supreme court has said that, in order to establish a violation of the statute, the State must prove three elements: "timing, action, and intent." *State v. Hawkins*, 406 S.W.3d 121, 132 (Tenn. 2013) (citing *State v. Gonzales*, P.3d 954, 957 (Utah Ct. App. 2000)).

> The "timing" element requires that the act be done only after the defendant forms a belief that an investigation or proceeding "is pending or in progress." The "action" element requires alteration, destruction, or

concealment. The "intent" element requires that the defendant intended to hinder the investigation or official proceeding by impairing the record's, document's or thing's "verity, legibility, or availability as evidence."

*Id.*

The evidence shows, and the Defendant concedes, that the State has met its burden regarding the timing and intent elements of the statute. The Defendant knew that there was an "investigation" pending because the deputy asked him to hand over the baggie twice before the Defendant placed it in his mouth. The Defendant acknowledges in his brief that he attempted to alter, destroy, or conceal the contents of the baggie.

The Defendant argues that, while the timing and intent elements were met, the "action" element was not. In order to prove the action element of the offense, the State must show that actual tampering has occurred by proving that the Defendant "altered, destroyed, or concealed" evidence. *Id*. "[T]he verb 'alter' [means] 'to make different without changing into something else.'" *State v. Majors*, 318 S.W.3d 850, 859 (Tenn. 2010) (internal citation omitted); *see Hawkins*, 406 S.W.3d at 132. "To 'destroy' a thing . . . means to ruin its 'evidentiary value.'" *Hawkins*, 406 S.W.3d at 132 (quoting *Majors*, 318 S.W.3d at 859). "'[C]onceal' [means] 'to prevent disclosure or recognition of' a thing or 'to place [a thing] out of sight.'" *Id.*(quoting *Majors*, 318 S.W.3d at 859).

When the Defendant swallowed most of the baggie's contents, he successfully prevented the officers from obtaining the entire quantity of the controlled substance. By doing so, the Defendant altered the drugs because he reduced the amount of the substance available for testing. Drug offense charges are classified in part by weighing the amount of the drug in possession, and any alternation of the amount of a substance impeded the investigation.

That the Defendant did not succeed in swallowing the entire contents is insignificant for purposes of evaluating his culpability for altering, destroying, or concealing the evidence. His actions prevented the officers from recovering a significant quantity of the evidence and from determining the weight of the entire substance. *See State v. Ray Armstrong*, No. W2016-01996-CCA-R3-CD, 2017 WL 6375950, at *8-9 (Tenn. Crim. App. Dec. 12, 2017) (holding that the evidence was sufficient to prove the defendant "destroyed" evidence because officers saw the defendant with baggies of crack cocaine in his mouth, which he chewed when they told him to spit it out, and which they retrieved after a struggle), *perm. app. denied* (Tenn. Apr. 23, 2018); *State v. Timothy Allen Johnson*, No. M2014-00766-CCA-R3-CD, 2015 WL 894675, at *5 (Tenn. Crim. App. Mar. 2, 2015) (holding that the evidence was sufficient to support a conviction for altering, concealing, or destroying evidence where the proof showed that the defendant, who knew the police were approaching, placed a baggie of drugs in his mouth and held his hand over his mouth when an officer demanded that he "spit it out"). The

Defendant's act of swallowing a portion of the substance in the baggie both destroyed its evidentiary value and concealed the substance from the officers. This destroying and concealing impaired the State's ability to investigate evidence of a possible drug possession offense.

The Tennessee Supreme Court's interpretation of the word "thing" as used in Tennessee Code Annotated section 39-16-503(a)(1) further supports a conclusion that the substance in the baggie was altered, destroyed or concealed by the Defendant in this case. Code section 39-16-503(a)(1) provides that a person shall not "[a]lter, destroy, or conceal any record, document or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding[.]" The court has applied a "broad, generic construction" of the word "thing" in this statute and has held that "the word [thing] refers to 'an object or entity not precisely designated and perhaps not even capable of being designated.'" *Hawkins*, 406 S.W.3d at 132 (quoting *Majors*, 318 S.W.3d at 859-60). By this interpretation, the "thing" which was tampered with was the whole amount of the substance in the baggie.

Viewed in the light most favorable to the State, the evidence was sufficient for a rational trier of fact to find the elements of timing, action, and intent necessary for a conviction of destroying, tampering with, or fabricating evidence beyond a reasonable doubt. The Defendant is not entitled to relief on this basis.

## II

### Unlawful Possession of Drug Paraphernalia

The Defendant argues that the evidence is insufficient to support his conviction for possession of drug paraphernalia because a single plastic baggie containing MDMA is not classified as drug paraphernalia by statute.

Drug paraphernalia is defined as "all equipment, products and materials of any kind which are used, intended for use, or designed for use in . . . packaging, repackaging, storing, [or] containing . . . a controlled substance[.]" T.C.A. § 39-17-402(12) (2014). Concerning the uses and activities associated with drug paraphernalia, Tennessee Code Annotated section 39-17-425(a)(1) provides, in pertinent part, that "it is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to . . . store [or] contain . . . a controlled substance[.]" *Id.* § 39-17-425(a)(1).

Three elements must be proven to establish a violation of Code section 37-17-425(a)(1): (1) that the defendant possessed an object; (2) that the object possessed was classifiable as drug paraphernalia; and (3) that the defendant intended to use that object

-5-

for at least one of the illicit purposes enumerated in the statute. *See State v. Ross,* 49 S.W.3d 833, 846 (Tenn. 2001).

The "object" in this case is a clear plastic sandwich baggie which the Defendant dropped on the floor, retrieved, and then placed into his mouth. The element of possession is met because the Defendant was carrying the baggie on his person at the time of the incident. The element of intent to use the object to store or contain a controlled substance is met because a drug field test revealed that the Defendant was using the baggie to carry MDMA. T.C.A. § 39-17-425(a)(1).

Prior Tennessee decisions have held that a baggie may be drug paraphernalia. In *State v. Ross*, the Tennessee Supreme Court held that "plastic sandwich bags could be used as drug paraphernalia . . . ." 49 S.W.3d at 846. *See State v. Christopher R. Rickman*, No. W2008-02012-CCA-R3-CD, 2009 WL 3719458 at *4 (Tenn. Crim. App. Nov. 5, 2009) ("Likewise, the record establishes the presence of illegal drug paraphernalia, including pipes . . . , baggies, and scales[.]"); *State v. Greg Harris*, No. E2003-02834-CCA-R3-CD, 2005 WL 419082 at *8 (Tenn. Crim. App. Feb. 23, 2005) ("The state also proved that the glass jars, microwave, scales, and baggies found . . . were drug paraphernalia intended for use in . . . packing or storing the cocaine."); *State v. John Tyree Lytle*, No. E2003-01119-CCA-R3-CD, 2004 WL 941003, at *4 (Tenn. Crim. App. May 3, 2004) ("Officers testified that a bag discovered . . . next to . . . the defendant . . . contained, among other paraphernalia, cut corners of plastic baggies.").

The deputy who secured the baggie in this case testified that baggies of this kind were often used to carry narcotics because they were easy to obtain and inexpensive. The deputy referred to the baggie as a "corner baggie," noting that it was knotted in a particular way common to baggies used to contain drugs.

The Defendant argues that his single plastic sandwich bag is distinguishable from the multiple bags used by the defendants in *Ross* and *Harris*. He expresses concern that if a single plastic bag were contemplated as drug paraphernalia by the statute, then any number of everyday objects will be classified as drug paraphernalia merely because they "happen" to store or contain a controlled substance.

However, the statute defines paraphernalia as "materials of any kind" that are used to contain or store a controlled substance. The baggie in this case was the item which the Defendant used to contain MDMA.

We conclude that the record supports the jury's finding that the plastic baggie carried by the Defendant is drug paraphernalia pursuant to Code section 37-17-402(12). The evidence is sufficient to establish beyond a reasonable doubt that the Defendant was

in unlawful possession of drug paraphernalia.  The Defendant is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE